IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ANTON R. WATSON,

  Petitioner,

vs.           CIVIL ACTION NO.: CV209-149

ANTHONY HAYNES, Warden,

  Respondent.

# ORDER

After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Petitioner Anton Watson ("Watson") asserts that the dismissal of his petition is improper based upon the Supreme Court's holding in Strickler v. Greene, 527 U.S. 263 (1999), and the Eleventh Circuit's holding in Harris v. United States, 149 F.3d 1304 (1998).

Harris is inapplicable to Watson's petition. Harris concerned a case in which the trial court enhanced a petitioner's sentence without complying with the requirements of 21 U.S.C. § 851 (a)(1).[1] See generally Harris, 149 F.3d 1304. Watson's petition in no way relates to 21 U.S.C. § 851 or an improper enhancement of his sentence.

---

[1] "No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence."

In Strickler, the Supreme Court held that, although the petitioner in the case had failed to demonstrate cause for raising a Brady v. Maryland, 373 U.S. 83 (1963) claim, the Commonwealth of Virginia did not violate Brady by failing to disclose exculpatory evidence to the petitioner. See generally Strickler, 527 U.S. 263 (1999). Watson asserts that a Brady violation occurred with respect to DNA evidence he claims he did not receive until after his conviction. (Doc. No. 11, p. 3). The District court for the Northern District of Georgia stated in its Order denying Watson's § 2255 petition:

> The report from the FBI's DNA Analysis Unit I, which [Watson] claims as new evidence, is dated August 8, 2005, and, therefore, is not new at all, because it predated [Watson]'s plea hearing by one week. [Watson] has not stated when he procured this report nor explained what efforts, if any, he made to do so earlier. Accordingly, [Watson]'s allegedly recent discovery of the report does not provide an alternate trigger for the federal limitations period on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255 ¶ 6(4). At a minimum, it does not appear that [Watson] exercised diligence in pursuit of the report. Moreover, as discussed below, the report does not support any of [Watson]'s § 2255 claims—to the contrary, it provides strong evidence of his guilt.
>
> Although the FBI report does not link [Watson] to the DNA on Item Q2 (the mask found in the van that the robbers used as their initial getaway vehicle), as the government stated during the plea hearing, it does identify [Watson] as the "major contributor" to the DNA on Item Q3 (the bandana found in the Lincoln town car, the getaway vehicle that the robbers used after abandoning the van). Accordingly, the report, newly discovered or not, does not demonstrate [Watson]'s actual innocence . . . .

(N.D. Ga. CR104-591, Doc. No. 195, pp. 12-13). The holding in Strickler invalidates Plaintiff's claim that a Brady violation occurred when he did not receive DNA evidence prior to his guilty plea. Moreover, it appears that the DNA evidence Watson is concerned with was received prior to his hearing and is evidence of his guilt, rather than his innocence.

Neither Harris nor Strickland are retroactively applicable Supreme Court decisions establishing Watson was convicted for a nonexistent offense. Therefore, Watson has not met the requirements of S 2255's savings clause. Watson's Objections are without merit. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Watson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 5 day of April, 2010.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE